UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| GREGORY TAYLOR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ESKENAZI HOSPITAL, )<br>JILL Charge Nurse (8th Floor), )<br>)<br>Defendants. ) | No. 1:19-cv-04504-JMS-MPB |

### Order Dismissing Action
### and Directing Entry of Final Judgment

Gregory Taylor, an inmate in the Indiana Department of Correction (IDOC) deemed seriously mentally ill by the IDOC Commissioner, *see* dkt. 14 at ¶ 25, was confined to the mental health unit at the New Castle Correctional Facility. After he informed the staff that he had swallowed thirty razor blades, he was taken to Eskenazi Hospital in Indianapolis for treatment. After treatment by a shock trauma team, Mr. Taylor was admitted to an eighth floor hospital room. His interaction with the floor's charge nurse, "Jill," upset him and a state court lawsuit followed. Dkt. 1-1. The defendants removed it to this Court, dkt. 1, and moved to dismiss the complaint. Dkt. 5. Mr. Taylor then filed an amended complaint, dkt. 14, which the defendants also moved to dismiss, dkt. 15.

Because the Court must conduct an initial screening of any complaint filed by a prisoner seeking redress from a government entity, officer, or employee, 28 U.S.C. § 1915A(a), the Court reviewed the amended complaint and dismissed it for failure to state a claim upon which relief can be granted, 28 U.S.C. § 1915A(b). Dkt. 18. The defendants' motion to dismiss was not addressed. Mr. Taylor was permitted time to show cause why the amended complaint should not have been

dismissed but instead allowed to proceed. Mr. Taylor filed his response, addressing only one of the claims he brought in his amended complaint. Dkt. 20. Mr. Taylor has not shown this claim, a violation of Title II of the Americans with Disabilities Act, or any of the other claims, have constitutional or statutory viability. *Id.* For the reasons explained below and in the screening order, dkt. 18, this action is **dismissed**.

### Americans with Disabilities Act – Title II Regulations

In his amended complaint, Mr. Taylor alleged that a "care provider," who is apparently someone other than the charge nurse, came into his hospital room but would not talk to him, get him something to drink, or empty his urinal. Dkt. 14 at ¶ 14. He contended the care provider's conduct violated his rights under Title II of the Americans with Disabilities Act.[1] *Id.* This claim was dismissed because Mr. Taylor had not identified what Title II "services, programs, or activities" had been denied to him by the care provider because of a disability. Dkt. 18 at 7, § 5 (citing 42 U.S.C. § 12132). Additionally, the unidentified care provider is not a named defendant.

Mr. Taylor responds by identifying his "mental history and impairment" as a qualifying disability. Dkt. 20 at 1. Mr. Taylor then makes several allegations irrelevant to the care provider's conduct, drawing in the charge nurse and correctional officers. His focus turns primarily to his allegation that he was not allowed to sign out of the hospital against medical advice (AMA) and return to the correctional facility. *Id.* at 1-2. Mr. Taylor then claims he was denied access to counseling services, psychiatric and mental health treatment, and diagnoses. *Id.* at 2. Nothing in the amended complaint alleged or suggested that Mr. Taylor had sought these services but they

---

[1] Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42U.S.C. § 12132.

were denied because of his mental illness. Indeed, by his own pleading Mr. Taylor was at Eskenazi for treatment of the ingested razor blades, and not for mental health program services. Additionally, Mr. Taylor's allegations that he wanted to sign out of the hospital AMA and return to the prison is contrary to his new argument that he was denied various mental health program services. Mr. Taylor does not argue or suggest that Eskenazi or the charge nurse had an obligation to provide such services in the absence of a specific request.

Finally, Mr. Taylor turns to the care provider's alleged actions of not talking to him, not getting him a drink of water, and not emptying his urinal, arguing those actions denied him "bathroom facilities" required by the ADA. But Mr. Taylor was not denied bathroom services. Taking Mr. Taylor's allegations as true, a care provider on one occasion did not empty a urinal or get him a drink of water. This was not a failure to provide bathroom services, but at the most perhaps an act of rudeness. Mr. Taylor makes no allegations that he needed to use a restroom but was refused, or that one was not available, or that he was unable to urinate because his urinal had not been emptied. He also makes no allegation that drinking water was otherwise unavailable. Mr. Taylor's ADA Title II claim is frivolous. *See Wagoner v. Lemmon,* 778 F.3d 586, 592 (7th Cir. 2015) (holding a Title II "plaintiff must prove that he is a 'qualified individual with a disability,' that he was denied 'the benefits of the services, programs, or activities of a public entity' or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was 'by reason of' his disability") (quoting *Love v. Westville Corr. Ctr.,* 103 F.3d 558, 560 (7th Cir. 1996) (citing 42 U.S.C. § 12132)).

## Conclusion

Mr. Taylor has not shown cause why his amended complaint should not have been dismissed and final judgment entered. For the reasons explained here and in the screening order of

February 7, 2020, dkt. 18, this action is **dismissed** for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. Final judgment consistent with this Order shall now enter.

    **IT IS SO ORDERED**.

Date: 5/6/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Gregory Taylor
883235
New Castle Correctional Facility - Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, IN 47362

Mary M. Ruth Feldhake
Bose McKinney & Evans, LLP (Indianapolis)
mfeldhake@boselaw.com

Philip R. Zimmerly
Bose McKinney & Evans, LLP (Indianapolis)
pzimmerly@boselaw.com